E-FILED
Tuesday, 01 June, 2021 11:12:37 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 19-CR-30067-RM-TSH |
| | ) |
| TODD SHEFFLER, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT SHEFFLER'S MOTION TO SEVER TRIAL FROM CO-DEFENDANT BANTA PURSUANT TO RULE 14 FOR RELIEF FROM PREJUDICIAL JOINDER

NOW COMES Defendant, Todd Sheffler, by and through his attorneys, William L. Vig and Sara M. Vig of the law firm Vig Law, P.C., and for his Motion to Sever Trial from Co-Defendant Banta Pursuant to Rule 14 for Relief from Prejudicial Joinder, states as follows:

1. Defendant Sheffler is charged in five counts arising from an incident at Western Illinois Correctional Center wherein an inmate died from serious injuries: Count 1 – Conspiracy to Deprive Civil Rights; Count 2 – Deprivation of Civil Rights; Count 3 – Conspiracy to Engage in Misleading Conduct; Count 4 – Obstruction – Falsification of Document; and Count 5 – Obstruction – Misleading Conduct.  Two co-defendants were charged together with Defendant Sheffler in the same indictment: Alex Banta (counts 1, 2, 3, 9, and 10) and Willie Hedden (counts 1, 2, 3, 6, 7, and 8).

2. On January 6, 2021, Defendant Banta filed his Motion *in Limine* No. 1 seeking to exclude, based on *Bruton v. U.S.*, 391 U.S. 123 (1968), evidence that a text message sent by Hedden to a co-worker implicated Banta—in addition to Hedden—as responsible for the death of the inmate ("Banta and I may have killed a guy today" or "Banta and I hurt somebody – may have hurt somebody today").

3. On March 9, 2021, Defendant Hedden entered a plea of guilty to counts 1, 2, and 3, of the Indictment in this cause, and his guilty plea was accepted by the Court.

4. Because Hedden will now be available to testify at trial in this matter, it would appear that Defendant Banta's Motion *in Limine* No. 1 is now moot; however, Defendant Banta has not yet withdrawn this motion.

5. The statement that Defendant Banta seeks to exclude is of paramount exculpatory value for Defendant Sheffler. Thus, if this Court determines to exclude, redact, or alter the evidence of Defendant Hedden's text message admission in any way, Defendant Sheffler will be severely prejudiced.

6. Accordingly, *if* this Court determines to grant any of the relief sought in Defendant Banta's Motion *in Limine* No. 1 as to Defendant Banta, then Defendant Sheffler seeks to sever his trial from Defendant Banta's trial in this matter to avoid the prejudice that would result from the inability to introduce this vital exculpatory evidence.

WHEREFORE Defendant Todd Sheffler respectfully prays that, if this Court determines to grant any of the relief sought in Defendant Banta's Motion *in Limine* No. 1 as to Defendant Banta, this Honorable Court then sever the trials of Defendant Sheffler and Defendant Banta, and grant any other such and further relief as this Court deems reasonable and just.

        Respectfully submitted,

        Todd Sheffler**,** Defendant

By:   /s/ William L. Vig
       Attorney for Defendant

William L. Vig (#6284192)
VIG LAW, P.C.
1100 South 5th Street
Springfield, IL 62703
(217) 241-5628
bill@vig-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Assistant U.S. Attorney Timothy Bass | tim.bass@usdoj.gov |
| Assistant U.S. Attorney Victor Yanz | victor.yanz@usdoj.gov |

/s/ William L. Vig
Attorney for Defendant