UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 19-CR-30067-RM-TSH |
| | ) |
| TODD SHEFFLER, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT SHEFFLER'S BRIEF IN SUPPORT OF HIS MOTION TO SEVER TRIAL FROM CO-DEFENDANT BANTA PURSUANT TO RULE 14 FOR RELIEF FROM PREJUDICIAL JOINDER</u>**

NOW COMES Defendant, Todd Sheffler, by and through his attorneys, William L. Vig and Sara M. Vig of the law firm Vig Law, P.C., and for his Brief in Support of His Motion to Sever Trial from Co-Defendant Banta Pursuant to Rule 14 for Relief from Prejudicial Joinder, states as follows:

Rule 14 of the Federal Rules of Criminal Procedure gives this Court discretion to sever trials for co-defendants "if joinder…or consolidation for trial appears to prejudice the defendant or the government." There is a rebuttable presumption in favor of joint trial. In order to obtain a severance the Defendant must establish: "(1) the codefendant's testimony would be exculpatory; (2) the codefendant would in fact testify, and (3) the testimony would bear on the defendant's case." *U.S. v. Williams*, 31 F.3d 522 (7th Circ. 1994), *citing U.S. v. Boykins*, 9 F.3d 1278 (7th Cir. 1993).

First, if this Court allows Defendant Banta's Motion in *Limine* No. 1 and either bars Defendant Hedden's statement or alters the statement in any way, Defendant Sheffler will suffer severe prejudice as a result since Hedden's statements on or near the day of the occurrence implicating *only* himself and Banta simultaneously exonerate Sheffler, precisely because Sheffler is nowhere mentioned in the text message or any conversation Hedden had regarding the text message he sent. Because Hedden's statements are exculpatory for Sheffler, Defendant Sheffler has satisfied the first part of the analysis laid out in *Williams* and *Boynkin*.

Second, Hedden will testify—because if the Government does not call Hedden, Defendant Sheffler will. Because Hedden has already pleaded guilty to Counts 1, 2, and 3, he can no longer assert the 5th Amendment right, and his testimony can therefore be compelled. Thus, the second prong has been satisfied.

Finally, the testimony directly relates to and bears on Defendant Sheffler's case. Hedden admits in his text message and statements to others that he and Banta may have killed a man. That man is clearly the decedent in the matter that Defendant Sheffler has been charged with, and statements regarding the circumstances of that death bear on Defendant Sheffler's case. The third prong is therefore satisfied as well.

WHEREFORE Defendant Todd Sheffler respectfully prays that, if this Court determines to grant any of the relief sought in Defendant Banta's Motion *in Limine* No. 1 as to Defendant Banta, this Honorable Court then sever the trials of

Defendant Sheffler and Defendant Banta, and grant any other such and further relief as this Court deems reasonable and just.

                                      Respectfully submitted,

                                      Todd Sheffler, Defendant

                            By:    /s/ William L. Vig
                                      Attorney for Defendant

William L. Vig (#6284192)
VIG LAW, P.C.
1100 South 5th Street
Springfield, IL 62703
(217) 241-5628
bill@vig-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Assistant U.S. Attorney Timothy Bass    tim.bass@usdoj.gov
Assistant U.S. Attorney Victor Yanz    victor.yanz@usdoj.gov

/s/ William L. Vig
Attorney for Defendant