UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 19-CR-30067 |
| ) | |
| TODD SHEFFLER, ) | |
| WILLIE HEDDEN, and ) | |
| ALEX BANTA, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SHEFFLER'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE FOR COURT'S PRE-TRIAL INQUIRY OF COUNSEL FOR DEFENDANT SHEFFLER**

NOW COMES Defendant, Todd Sheffler, by and through his attorneys, William L. Vig and Sara M. Vig of Vig Law, P.C., and for his Response to the Government's Motion in Limine for Court's Pre-Trial Inquiry of Counsel for Defendant Sheffler states as follows:

1. On June 1, 2021, the Government filed a "Motion in Limine" (d/e #90) requesting that the Court "conduct a pre-trial inquiry of counsel for Defendant Sheffler to determine whether counsel intend to take a position at trial that is contrary to the information that Defendant Sheffler has provided to the

government without Defendant Sheffler testifying in his own defense." (d/e #90, p.7)

2. The Government's Motion is not, in fact, a motion *in limine* at all, in that it neither seeks a pretrial ruling that certain evidence be excluded nor a pretrial ruling that certain evidence be admitted.

3. The Government's Motion is also not a pretrial motion of any category set forth in Rule 12(b) of the Federal Rules of Criminal Procedure.

4. The Government's Motion seeks information regarding potential defense strategy to which the Government is not entitled under Rule 16(b).

5. The Government's Motion, if granted, would violate Defendant's Sheffler's rights to effective assistance of counsel pursuant to the Sixth Amendment to the United States Constitution.

6. The Government's Motion seeks information protected by the attorney-client privilege and the work product doctrine.

7. The Government's Motion fails to set forth any legal authority for the proposition that the Government (or the Court) is entitled to know what factual position the Defendant may take at trial.

8. That after diligent research, the undersigned counsel is unable to locate any authority for a pretrial inquiry into what, if any, evidence the Defense intends to present, other than in cases involving affirmative defenses (which are not at issue here).

9. Defendant Sheffler does not dispute that the Government could have timely filed a motion to sever, or in the alternative a motion to seat separate juries, to address the potential *Bruton* problem raised by the Government and Defendant Banta. However, the Government is not entitled to receive a preview of defense strategy or bind the defense to anticipated lines of questioning in order for the Government to decide whether it wishes to seek such remedies.

WHEREFORE, Defendant Sheffler respectfully requests that this Honorable Court deny the Government's Motion in Limine for Court's Pre-Trial Inquiry of Counsel for Defendant Sheffler.

        Respectfully submitted,

        Todd Sheffler, Defendant

By:   /s/ William L. Vig
      Attorney for Defendant


William L. Vig (#6284192)
VIG LAW, P.C.
1100 South 5th Street
Springfield, IL 62703
(217) 241-5628
bill@vig-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ William L. Vig
Attorney for Defendant