E-FILED
Thursday, 01 July, 2021  11:30:53 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-30067 |
| | ) | |
| TODD SHEFFLER, | ) | |
| WILLIE HEDDEN and | ) | |
| ALEX BANTA, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Todd Sheffler's Motion to Sever Trial from co-Defendant Alex Banta due to Prejudicial Joinder [d/e 88].

Pending also is the Government's Motion in Limine for a Pre-Trial Inquiry of Counsel for Defendant Todd Sheffler [d/e 90].

Defendants Banta and Sheffler are charged with five counts arising from an incident at a state correctional center, in which an inmate, Larry Earvin, died from injuries alleged to have been

1

sustained during that incident. A co-Defendant, Willie Hedden, was charged along with Banta and Sheffler in the same indictment.

Pursuant to Federal Rule of Criminal Procedure 14, Defendant Sheffler moves for relief from prejudicial joinder. Rule 14 authorizes the Court to sever trials for co-defendants "[i]f the joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government." There is a rebuttable presumption in favor of a joint trial for alleged co-conspirators. See United States v. Williams, 31 F.3d 522, 528 (7th Cir. 1994). In order to obtain a severance, a defendant must establish: "(1) the codefendant's testimony would be exculpatory, (2) the codefendant would in fact testify, and (3) the testimony would bear on the defendant's case." Id.

On January 6, 2021, Defendant Alex Banta filed his Motion in Limine No. 1 seeking to exclude, under Bruton v. United States, 391 U.S. 123 (1968), evidence that a text message sent by co-Defendant Willie Hedden to a co-worker implicated Banta—as well as Hedden— as responsible for the death of the inmate ("Banta and I may have killed a guy today" or "Banta and I hurt somebody—may have hurt

somebody today"). Banta seeks to redact the statement to remove any references to his involvement.

Defendant Sheffler asks the Court to sever the trials of Sheffler and Banta if the Court grants any of the relief requested in Banta's Motion in Limine No. 1 and orders the statement redacted, given that Sheffler wishes to offer the statement in its entirety in his own defense.

In Bruton v. United States, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant's Confrontation Clause rights are violated when a non-testifying co-defendant's confession naming the defendant as a participant in the crime is introduced at their joint trial because the defendant could not subject his co-defendant to cross-examination. See id. at 274.

On March 9, 2021, Defendant Hedden pled guilty to Conspiracy to Deprive Civil Rights (Count 1); Deprivation of Civil Rights (Count 2); Conspiracy to Engage in Misleading Conduct (Count 3). His guilty plea was accepted by the Court.

Because Hedden is now available to testify in this matter and he can no longer assert his Fifth Amendment right against self-incrimination, Banta's Motion in Limine No. 1 is now moot. Sheffler

claims that the statement Banta seeks to exclude is extremely exculpatory for him because he is not mentioned in the text message. The statement relates to the charges against the Defendants so it obviously bears on Sheffler's case. Accordingly, Sheffler claims each element under Williams is met and he would be severely prejudiced if the text message is excluded, redacted, or altered in any way.

The Court is certainly mindful of the Bruton concerns in this case. Given that the relief sought in Defendant Banta's Motion in Limine No. 1 will not be granted because Hedden will testify, however, the Court will deny Defendant Todd Sheffler's Motion to Sever on that basis.

Counsel for the Government agreed to withdraw the Government's Motion for a Pretrial Inquiry of Counsel for Defendant Todd Sheffler regarding Sheffler's position at trial. The Government stated it was satisfied by Defendant Sheffler's counsel's representations but wanted to bring the issue to the Court's attention. Based on the concerns present in this case, the Government will have to decide whether to request empanelment of two juries.

## **CONCLUSION**

For the foregoing reasons, Defendant Todd Sheffler's Motion to Sever Trial from Co-Defendant Alex Banta [d/e 88] is DENIED.

The Clerk will terminate the Government's Motion for a Pre-Trial Inquiry of Counsel for Defendant Todd Sheffler [d/e 90].

ENTER: June 30, 2021

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE