E-FILED
Friday, 03 December, 2021  04:46:05 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 19-CR-30067-RM-TSH |
| | ) | |
| TODD SHEFFLER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SHEFFLER'S RESPONSE TO GOVERNMENT'S POSITION
REGARDING INTRA DISTRICT TRANSFER AND MOTION TO ADOPT
AND CONFORM DEFENDANT BANTA'S RESPONSE REGARDING SAME**

NOW COMES Defendant, Todd Sheffler, by and through his attorney Sara M. Vig of Vig Law, P.C., and respectfully moves to adopt, conform, and have the benefit of certain motions filed by co-defendant Alex Banta in the above-styled action. As grounds for this motion, defendant states as follows:

1. Defendant Sheffler is charged in five counts arising from an incident at Western Illinois Correctional Center wherein an inmate died from serious injuries: Count 1 – Conspiracy to Deprive Civil Rights; Count 2 – Deprivation of Civil Rights; Count 3 – Conspiracy to Engage in Misleading Conduct; Count 4 – Obstruction – Falsification of Document; and Count 5 – Obstruction – Misleading Conduct.  Defendant Banta is charged with identical offenses in Counts 1, 2, 3, 9, and 10 of the Indictment.

2. Defendant Banta has filed a Response to the Government's Position Regarding Intra District Transfer.

3.  So as to reduce the burden on this Court with respect to repetitive pleadings, Defendant hereby adopts the response of his co-defendant, and seeks to adopt and conform said response as necessary and appropriate to include himself.

4.  In addition to Defendant Banta's responses to the Government's statement of position, so that the Court is aware that Defendant Sheffler will object if the Government requests an intra-district transfer, Defendant Sheffler adds the following:

L.   As for Defendant Sheffler, when he hired Vig Law, P.C., his legal fees were set based upon a trial being held in Springfield.  To have the trial in Peoria, means that Defendant Sheffler's counsel would incur additional expenses from daily roundtrips or alternatively the cost of staying over in Peoria and the additional cost of paying for childcare through the week – assuming overnight childcare could even be found.  These expenses are substantial and it is highly likely that just as for Defendant Banta, Defendant Sheffler would require CJA funding for his defense.  As noted by Defendant Banta's counsel, the Government does not have these additional concerns because their expenses are all paid for by tax-payer money so this expense as to location is not a factor for the Government.

M.   In Paragraphs F,G, and H of Defendant Banta's Response, the names of the Co-Defendants and counsel are interchangeable regarding the additional burdens such a move places on counsel for the Defendant, including the deprivation of their office and staff, preparation time, and no office or support staff located in Peoria.

N.    Moving the trial to Peoria presents a special burden on Defendant Sheffler's counsel.  Mrs. Sara M. Vig and Mr. William L. Vig in addition to being law partners are wife and husband with three small children.  Mrs. and Mr. Vig rely on the availability of after school care and day care to for their children during the regular work day.  The younger child can be dropped off as early as 7:30 a.m., however, the older two children cannot be dropped off until 7:35 a.m. such that the earliest the two older children can get to school is 7:45 a.m., meaning that trial could not reasonably start until 9:45 a.m. at the earliest assuming that their small children are completely cooperative every morning and there are no weather delays in January.  After school care for the Vigs' two older children ends at 5:30 p.m. every day and day care for their smallest child ends at 5:00 p.m. every day.  If the trial is transferred to Peoria, it is possible that one of the Vigs will be unavailable to participate in a trial occurring some 90 miles away from Springfield and still be able to attend to their responsibilities as parents to transport their children to school and collect their children in a timely manner from their respective caregivers.  There would have to be a strictly enforced rule that trial not begin until 9:45 a.m. and conclude at 3:00 p.m. every day such a rule would obviously lengthen this trial which counsel estimates will take three to six weeks with full days of trial (9:00 a.m. to 5:00 p.m.).  If a 9:45 a.m. start time and 3:00 p.m. end time cannot be established and adhered to for every day of trial, Mr. William L. Vig believes he would be compelled to withdraw as counsel for Defendant Sheffler.  At this late date, this would seriously prejudice Defendant

Sheffler's defense as Defendant Sheffler's two counsel have been dividing work

responsibilities as regards pretrial and trial issues and preparation.

WHEREFORE, for the reasons stated above and the reasons stated in co-

Defendant Banta's Response and adopted and joined by Defendant Sheffler, should

the Government seek to move the trial of this case to Peoria, Defendant Sheffler

intends to object to any such request.


Respectfully submitted,

Todd Sheffler**,** Defendant


By:   /s/ Sara M. Vig
        Attorney for Defendant


Sara M. Vig (#6297143)
VIG LAW, P.C.
1100 South 5th Street
Springfield, IL 62703
(217) 241-5628
sara@vig-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2021, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to the following:

Assistant U.S. Attorney Timothy Bass    tim.bass@usdoj.gov
Assistant U.S. Attorney Eugene Miller    eugene.miller@usdoj.gov
Mark Wycoff    mark@wycofflaw.com
James Elmore    elmoreandreid@sbcglobal.net

/s/ Sara M. Vig
Attorney for Defendant