IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-30067 |
| | ) |
| TODD SHEFFLER, | ) |
| WILLIE HEDDEN, and | ) |
| ALEX BANTA. | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT
BANTA'S SUPPLEMENTAL JURY INSTRUCTIONS**

The United States of America, by its attorneys, Gregory K. Harris, United States Attorney for the Central District of Illinois, and Timothy A. Bass and Eugene L. Miller, Assistant United States Attorneys, respectfully submits its response in opposition to Defendant Banta's supplemental jury instructions and states the following:

**Background**

On December 5, 2019, the defendants, Willie Hedden, Todd Sheffler, and Alex Banta were charged in a ten-count indictment with conspiracy to deprive civil rights (Count 1), deprivation of civil rights (Count 2), conspiracy to engage in misleading conduct (Count 3), and obstruction – falsification of document, and obstruction – misleading conduct. (Counts 4 – 10)

The indictment alleges that as part of the conspiracy to deprive and deprivation of the rights of Larry Earvin, an inmate at the Western Illinois Correctional Center (WICC), and during their participation in the forcible escort of Mr. Earvin from his RI (D Wing) residential housing unit at WICC to the segregation housing unit on May 17, 2018, Defendants Sheffler, Hedden, and Banta assaulted Mr. Earvin without legal justification while he was restrained and handcuffed behind his back and while he posed no physical threat to the defendants or other correctional officers. The indictment further alleges that Defendant Sheffler, the lieutenant and most senior officer, also willfully failed to intervene to protect Mr. Earvin from being assaulted by subordinate officers, namely, Defendants Hedden and Banta, despite having the opportunity to do so, and that Defendant Hedden, the sergeant and senior officer to Defendant Banta, willfully failed to intervene to protect Mr. Earvin from being assaulted by a subordinate officer, namely, Defendant Banta, despite having the opportunity to do so. The indictment alleges that the assault resulted in bodily injury to Mr. Earvin and further resulted in Mr. Earvin's death. The indictment further alleges that as part of the conspiracy to engage in misleading conduct, the defendants committed the substantive obstruction offenses charged in Counts 4 – 10.

In short, the indictment specifically alleges that as part of the conspiracy to deprive civil rights charged in Count 1 and the conspiracy to engaged in misleading conduct charged in Count 3, the defendants committed the underlying substantive deprivation of civil rights offense charged in Count 2 and the substantive obstruction offenses alleged in Counts 4 - 10.

On June 23, 2021, this Court conducted a final pretrial conference at which the Court addressed the parties' proposed jury instructions. The jury trial at that time was scheduled to commence on August 2, 2021.

The government's proposed jury instructions included the Seventh Circuit pattern instruction concerning direct and circumstantial evidence, and the government's elements instructions for the conspiracy charges in Counts 1 and 3. (Govt. Instrs. 6, 20, 34) The direct/circumstantial evidence instruction advises the jury that it is up to the jury to decide what weight to give to the evidence, whether direct or circumstantial, and that the law does not say that one is better than the other. (Gov.Instr. 6) Government instruction 5 also provides that the jury should use "common sense in weighing the evidence," and that it is "allowed to make reasonable inferences, so long as they are based on the evidence." (Gov.Instr. 5) In addition, the conspiracy elements instruction for Count 1 specifically instructs the jury that the government must

prove beyond a reasonable doubt that (1) the conspiracy "*as charged in Count 1 existed*" (emphasis added); and (2) "[t]he defendant knowingly became a member of the conspiracy with an intent to further the conspiracy; and (3) [t]he defendant intended to deprive Larry Earvin of the free exercise or enjoyment of his right to be free from cruel and unusual punishment[. . . ]" and (4) "Larry Earvin was present in the State of Illinois." (Gov. Instr. 20) Similarly, the conspiracy elements instruction for Count 3 specifically instructs the jury that the government must prove beyond a reasonable doubt that (1) the conspiracy "*as charged in Count 3 existed*" (emphasis added); and (2) "[t]he defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy." (Gov.Instr. 34)

During the jury instruction conference, "[n]either Defendant Todd Sheffler nor Defendant Alex Banta had objections to the Government's proposed jury instructions or proposed amended jury instructions." (R.139 at p.1) Thus, the Court ruled that "[t]he Government's proposed jury instructions WILL BE GIVEN WITHOUT OBJECTION, with the exception of Instructions Numbers 30, 41, 45, and 46, which did not properly reflect that there are three Defendants charged in Count Two, not just a single Defendant." (R.139 at p.2) The Court ruled that the

government's amended instructions 30, 41, 45, and 46 would be "GIVEN WITHOUT OBJECTION[.]" (*Id.*)

On December 3, 2021, more than five months following the pretrial and jury instruction conference, Defendant Banta filed proposed additional instructions B21, B6A, B6B, and B1.09 relating to the government's conspiracy elements and direct/circumstantial evidence instructions, to which the defendants have previously agreed, and a proposed limiting instruction concerning the hospital and autopsy photographs.[1]

The jury trial in this case is scheduled to commence on January 3, 2022.

### Government's Objections to the Defendants' Supplemental Jury Instructions

Applicable Law

"The district court is afforded substantial discretion with respect to the precise wording of instructions so long as the final result, read as a whole, completely and correctly states the law." *United States v. DiSantis*, 565 F.3d 354, 359 (7th Cir. 2009). Although the Seventh Circuit's pattern instructions "are not necessarily authoritative" and "are not

---

[1] Although the government is not asserting waiver, it is noteworthy that Defendant Banta submitted the proposed additional instructions more than five months following the pretrial conference and only after continuances of the trial date.

5

intended to be used mechanically and uncritically[,]" they nonetheless have been "'approved in principle' by the Seventh Circuit Judicial Council, meaning that the Council has authorized their publication as an aid to judges and lawyers." *United States v. Edwards*, 869 F.3d 490, 497 (7th Cir. 2017); *see United States v. Hill*, 252 F.3d 919, 922 (7th Cir. 2001) (pattern instructions offer "model instructions for occasions when they are appropriate but do[ ] not identify those occasions; the need for an instruction must be determined independently"); *United States v. Doherty*, 969 F.2d 425, 429 (7th Cir. 1992) (pattern instructions, "while carrying some weight, were never intended to have the force of law in this Circuit").

No matter the wording of the instructions, the critical question remains the same: whether the instructions "represent a complete and accurate statement of the law." *Daniel*, 749 F.3d at 613. The Seventh Circuit has "urge[d] district courts drafting jury instructions to consider whether 'less is more' in each case." *United States v. Johnson*, 916 F.3d 579, 586 (7th Cir. 2019). In addition, a district court "need not give a proposed instruction if the essential points are covered by the instruction given." *United States v. Rice*, 995 F.2d 718, 724 (7th Cir. 1993); *see, e.g., United States v. Bonin*, 932 F.3d 523, 537-38 (7th Cir. 2019) (affirming district court's refusal to give defendant's tendered causation and

unanimity instructions and applying "de novo" review to whether instructions "represent a complete and accurate statement of the law."); *United States v. Daniel,* 749 F.3d 608, 613-14 (7th Cir. 2014) (same and affirming district court's refusal to give defendant's tendered unanimity instruction.). Finally, the Seventh Circuit has long made clear that "an erroneous instruction . . . should not be given." *See, e.g., United States v. Duff,* 76 F.3d 122, 126 (7th Cir. 1996).

Defendant Banta's Instruction B21

Defendant Banta has submitted his supplemental instruction B21 concerning the elements instruction for the conspiracy offenses charged in Counts 1 and 3. As the sole basis for this supplemental instruction, Defendant Banta cites *United States v. Lechuga*, 994 F.2d 346, 347 (7th Cir. 1993) (en banc), a drug conspiracy case, for the broad and erroneous proposition for all non-drug conspiracy cases that "there must be sufficient evidence of an agreement to commit the charged crime <u>other than evidence of the crime itself</u>." (Def. Banta Addt'l. Instrs. at 4).

This is an erroneous statement of non-drug conspiracy law. The Seventh Circuit has made clear that "[i]n the *context of a conspiracy to distribute drugs*, the agreement to commit an unlawful act must be 'an agreement to commit a crime other than the crime that consists of the sale itself.'" *United States v. Carrillo*, 435 F.3d 767, 775 (7th Cir. 2006)

(emphasis added) (quoting *Lechuga*, 994 F.2d at 347). This rule has only been applied to address the need to distinguish a drug conspiracy from a mere "buyer-seller relationship[.]" *Carillo*, 435 F.3d at 775. Neither the Seventh Circuit nor any other court has applied this unique principle of drug conspiracy law to all cases involving non-drug conspiracy offenses or any cases involving conspiracy to commit civil rights or obstruction offenses. And Defendant Banta has cited to none. Moreover, not only is Defendant Banta's proposed instruction erroneous, it is also directly contradictory to the conspiracy elements instructions to which he has already agreed. Those instructions provide that the government must prove that the conspiracy alleged in the indictment existed, and the conspiracies charged in the indictment allege only that the defendants agreed to commit the underlying deprivation of civil rights and obstructions offenses. Thus, Defendant Banta's proposed instruction seeks to instruct the jury in a manner directly opposite of the conspiracy elements instructions to which he has previously agreed and thus preclude the jury from finding the defendants guilty of the conspiracies as charged. In short, Defendant Banta's instruction is "an erroneous instruction that should not be given." *See, e.g.*, *Duff*, 76 F.3d at 126.

Defendant Banta's Instructions B6A and B6B

Defendant Banta has submitted additional instructions B6A and B6B as supplements to the government's pattern direct/circumstantial evidence instruction number 5. He contends that the government has represented that it will rely on circumstantial evidence to establish the defendants' guilt on the charged offenses, and that his supplemental instructions are necessary to advise the jury on addressing situations involving suspicion of guilt and competing inferences to be drawn from the evidence. To the contrary, not only are Defendant Banta's instructions unnecessary and his arguments inaccurate, they are contrary to the law of this Circuit.

First, and most importantly, Defendant Banta's arguments have been repeatedly rejected by the Seventh Circuit. In *United States v. Boykins,* the defendant argued that the direct/circumstantial evidence instruction "permitted the jury to assume the existence of inculpating circumstances and draw legal conclusions based on those assumptions." 9 F.3d 1278, 1286 (7th Cir. 1993). In rejecting this argument, the Seventh Circuit held:

> This argument ignores the specific jury instruction (# 11) which required the government to prove 'the guilt of each defendant, separately considered, beyond a reasonable doubt....' Similarly, Jury Instruction # 6 informed the jury to 'draw such reasonable inferences as you believe to be justified from the proven facts' . . . Viewed as a whole, the jury charge

was not misleading. The instructions made it clear that the facts supporting the conviction could not be presumed but had to be proven beyond a reasonable doubt.

*Id.*

Similarly, in *United States v. Curry,* 187 F.3d 762, 768 (7th Cir. 1999), the defendant argued "that the definition of direct evidence suggested to the jury that 'direct evidence can point in only one direction: personal knowledge of the commission of the crime.' Second, he maintain[ed] that the description of circumstantial evidence 'subtly undermines the presumption of innocence by framing the question as between two equal propositions—'whether the defendant is guilty or not guilty'—when in fact, of course, the propositions are entirely unequal before the law because the defendant is presumed innocent.'" In rejecting this argument, the Seventh Circuit held:

> The instruction did not misstate the law or mislead the jury. *See United States v. Menting,* 166 F.3d 923, 927 (7th Cir. 1999). Instead, it properly explained the difference between direct and circumstantial evidence, and that the two types of evidence should be given equal weight. It does not limit the use of direct evidence to matters tending to show guilt, nor does the circumstantial evidence portion undermine the presumption of innocence. Nothing in the language implies that Curry is not innocent until proven guilty, and, lest there be any question, the jurors were instructed just prior to receiving the challenged instruction that the defendant was presumed innocent during every phase of the trial, that the government's burden was to prove guilt beyond a reasonable doubt, and that the defendant was not required to prove his innocence or produce any evidence. The jury instructions as a

> whole conveyed a proper understanding of the government's burden of proof.

*Id.*

In this case, as in *Boykins* and *Curry,* the direct/circumstantial evidence instruction and the instructions as a whole, to which the defendants have agreed, accurately state the law, inform the jury that it can only draw reasonable inferences (and not mere suspicions) from the evidence, and convey the defendants' presumption of innocence and "a proper understanding of the government's burden of proof." *Curry,* 187 F.3d at 768; *see Boykins,* 9 F.3d at 1287 ("The instructions made it clear that the facts supporting the conviction could not be presumed but had to be proven beyond a reasonable doubt."). Defendant Banta's instructions are therefore unnecessary and should not be given. *Rice,* 995 F.2d at 724 (district court "need not give a proposed instruction if the essential points are covered by the instruction given.").

Second, as the sole support for his proposed instructions, Defendant Banta cites appellate cases reviewing the sufficiency of the evidence and not a district court's refusal to give a defendant's proposed instructions. This, too, has been rejected by the Seventh Circuit. In *Rice,* the defendant argued that the district court erred in refusing to give his supplemental instruction on the definition of "possession[.]" 995 F.2d at 725. Like Defendant Banta, the defendant in *Rice* relied on appellate

cases (*United States v. Hamilton,* 420 F.2d 1096, 1098 (7th Cir. 1970), and *United States v. Beverly,* 750 F.2d 34, 36–37 (6th Cir. 1984)), addressing the sufficiency of the evidence and not a refusal to give a defendant's proposed instruction. In rejecting this argument, the Seventh Circuit noted that "[w]e have found no cases (and Rice has cited none) which rely on either *Hamilton* or *Beverly* to formulate instructions on possession." *Rice,* 995 F.2d at 725. The Seventh Circuit held that the defendant was not entitled to a supplemental instruction because his "theory of defense was adequately covered by the instructions given"; the failure to give it did not deny him a fair trial; "district courts are not required to give alternative explanations of every term defined in the instructions"; "[g]iving the supplemental instructions Rice requested would have been supererogatory [meaning needless or unnecessary], and perhaps confusing to the jury"; and that "the district court permitted Rice's counsel to argue his theory to the jury." *Id.* at 725-26.

In this case, as in *Rice,* Defendant Banta cites no case for the proposition of applying a holding in an appellate case on review of the sufficiency of the evidence as support for the giving of a supplemental instruction on direct/circumstantial evidence. Moreover, as in *Rice,* his concerns about the sufficiency of the evidence are adequately covered by the instructions to which he has already agreed; the failure to give his

12

supplemental instructions will not deny the defendants a fair trial; this Court is not required to give alternative explanations of direct and circumstantial evidence; the supplemental instructions would be supererogatory and perhaps confusing to the jury; and the defendants are free to argue any theory to the jury as to the lack of sufficient evidence, direct or circumstantial.

Finally, the factual premise of Defendant Banta's argument is inaccurate. The government has not suggested to the defendants that it will prove its case primarily based on circumstantial evidence. To the contrary, the government's evidence consists of both direct and circumstantial evidence, including direct evidence of each defendant's actions and statements. Thus, there is no basis to instruct the jury further on circumstantial evidence, which the law does not distinguish from direct evidence. And again, the defendants will be free to argue any theory as to the sufficiency of the evidence, whether direct or circumstantial.

Accordingly, the government respectfully requests that Defendant Banta's instructions B6A and B6B be refused pursuant to the law of this Circuit.

Defendant Banta's Instruction B.109

Finally, Defendant Banta has submitted instruction B.109 as a limiting instruction concerning the admission of hospital and autopsy photographs. As noted in the government's response to his motions in limine, and this Court's opinion denying the motions (R.188), the government has no objection to the Court giving a limiting instruction if it deems it necessary. However, the government does not believe that it is necessary in Defendant Banta's proposed instruction to admonish the jury a second time, with emphasis, that it should not be influenced by sympathy or prejudice since the Court will be separately instructing the jury in its first instruction: "Do not let sympathy, prejudice, fear, or public opinion influence you." (Gov.Instr. 1) In addition, Defendant Banta's instruction is incomplete as to the proper purposes for this evidence, as this Court held in denying his motions in limine. (R.188) Instead, the government suggests that the Court, if it deems it necessary, instruct the jury as follows:

You have viewed evidence consisting of hospital and autopsy photographs. You may consider this evidence solely for the following purposes: (1) to assist you in understanding the testimony of the medical experts; (2) to assist you in understanding the extent of any alleged use of force against Mr. Earvin and whether the alleged force was for the purpose of harming Mr. Earvin or a good faith effort to maintain or restore security or order; (3) to assist you in understanding the nature of Mr. Earvin's injuries; (4) to assist you in understanding the cause of Mr. Earvin's death; and (5) to assist you in evaluating the evidence of the

14

defendants' intent. You may not consider this evidence for any other purposes, including sympathy or prejudice.

*See* Seventh Circuit Pattern Instruction 3.11 (as a guide in crafting a limiting instruction)

        Respectfully submitted,

        GREGORY K. HARRIS
        UNITED STATES ATTORNEY

By:   *s/Timothy A. Bass*
      Timothy A. Bass, MO Bar No. 45344
      Assistant United States Attorney
      318 South Sixth Street
      Springfield, IL 62701
      Phone: (217) 492-4450
      tim.bass@usdoj.gov

      s/Eugene L. Miller
      Eugene L. Miller, Bar No. IL 6209521
      Assistant United States Attorney
      201 S. Vine St., Suite 226
      Urbana, IL 61802
      217/373-5875
      Fax: 217/373-5891
      eugene.miller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Timothy A. Bass*
Timothy A. Bass, MO Bar No. 45344
Assistant United States Attorney
318 South Sixth Street
Springfield, IL 62701
Phone: (217) 492-4450
tim.bass@usdoj.gov
